Opinion issued July 25, 2023



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00371-CR

_____

**IVORY JAMES JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 338th District Court
Harris County, Texas
Trial Court Case No. 1663686

## MEMORANDUM OPINION

A jury convicted appellant, Ivory James Johnson, of the offense of aggravated robbery with a deadly weapon. On March 7, 2023, the trial court signed its judgment of conviction sentencing appellant to nine years' imprisonment. Appellant, acting

pro se, filed a notice of appeal with our Court on April 26, 2023.[1] The notice of appeal was subsequently filed with the trial court on May 2, 2023. We dismiss the appeal.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of the deadline for filing the notice of appeal, appellant files the notice of appeal and a motion for extension of time compliant with Rule 10.5(b). *See* TEX. R. APP. P. 26.3.

Here, appellant's sentence was imposed on March 7, 2023. Because the clerk's record does not reflect that any post-trial motions were filed that would extend the notice of appeal deadline, appellant's notice of appeal was due within thirty days after his sentence was imposed—that is, by April 6, 2023. *See* TEX. R.

---

[1]     Although Rule 25.2 of the Texas Rules of Appellate Procedure requires an appellant to file his notice of appeal with the trial court clerk, the rule further states that "[i]f the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk." TEX. R. APP. P 25.2(c)(1).

APP. P 26.2(a)(1). No motions to extend the time for filing a notice of appeal were filed with fifteen days of the deadline. *See* TEX. R. APP. P. 26.3. Thus, even considering appellant's notice of appeal to have been filed on April 26, 2023 (the date the notice of appeal was mistakenly filed with our Court), appellant's notice of appeal was untimely filed twenty days after the deadline.

This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we dismiss this appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).